Matter of Sealand Waste LLC v Town of Carroll (2019 NY Slip Op 00995)





Matter of Sealand Waste LLC v Town of Carroll


2019 NY Slip Op 00995


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


34 CA 18-00013

[*1]IN THE MATTER OF SEALAND WASTE LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
TOWN OF CARROLL, TOWN OF CARROLL ZONING BOARD OF APPEALS, AND ALAN GUSTAFSON, CODE ENFORCEMENT OFFICER OF TOWN OF CARROLL, RESPONDENTS-DEFENDANTS-RESPONDENTS. CAROL L. JONES, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF DONALD J. JONES, DECEASED, AND JONES CARROLL, INC., NECESSARY OR INTERESTED PARTIES.






KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered April 6, 2017 in a proceeding pursuant to CPLR article 78 and a declaratory judgment action. The judgment denied and dismissed the petition-complaint of Sealand Waste LLC in its entirety. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, petitioner-plaintiff appeals from a judgment that, in effect, denied and dismissed its petition-complaint seeking, inter alia, a declaration that respondent-defendant Town of Carroll's Local Law No. 1 of 2007 (2007 Law) is null and void. We affirm. "[W]here, as here, there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending' " (Matter of Goodyear v New York State Dept. of Health, 163 AD3d 1427, 1430 [4th Dept 2018]; see CPLR 7804 [f]). We conclude that Supreme Court did not abuse its discretion in dismissing the petition-complaint on that basis. Further, inasmuch as the 2007 Law has not been declared invalid, the court properly concluded that respondents-defendants did not act in an arbitrary and capricious manner in denying petitioner-plaintiff's application for certain permits on the ground that such permits related to a proposed expansion of a landfill that is not allowed pursuant to the 2007 Law. In light of our determination, we do not address petitioner-plaintiff's remaining contentions.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court